NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CATHY J. OSTILLER (Cal. Bar No. 174582)
Assistant United States Attorney
Senior Litigation Counsel
Major Frauds Section
       1100 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-6159
       Facsimile: (213) 894-6269
       E-mail:   cathy.ostiller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>                    v.<br><br>MESBEL MOHAMOUD,<br><br>              Defendant. | No. CR 18-00174-PSG-1<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MESBEL MOHAMOUD |

     1.   This constitutes the plea agreement between MESBEL MOHAMOUD
("defendant") and the United States Attorney's Office for the Central
District of California (the "USAO") in the above-captioned case.
This agreement is limited to the USAO and cannot bind any other
federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to count four of the

indictment in <u>United States v. Mohamoud, et al.</u>, CR No. 18-00174-PSG, which charges defendant with Health Care Fraud in violation of 18 U.S.C. § 1347.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Make restitution in accordance with the Court's order.

i.   Authorize the USAO to obtain a credit report immediately upon defendant's entry of a guilty plea.

j.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

k.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at

2

usacac.FinLit@usdoj.gov or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

l.   Agree that all court appearances, including her change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute.  Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), she may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with her change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.  Defendant consents under Section 15002(b) of the CARES Act to proceed with her sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

m.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines

("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

3.   Defendant further agrees:

a.   To stipulate to the revocation of defendant's certification as a registered alcohol and drug technician ("RADT") and agree that defendant shall lose all rights and privileges as an RADT in California;

b.   To not apply for certification or petition for reinstatement of defendant's revoked RADT certification for at least five (5) years from the effective date of the revocation; and

c.   That upon the effective date of the revocation of the RADT certification, defendant shall be prohibited from engaging, either directly or indirectly, in any activity for which an RADT certification is required.

4.   Defendant understands and acknowledges that as a result of pleading guilty pursuant to this agreement, defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by the United States Department of Health and Human Services, or any other department or agency of the federal government, to effectuate this exclusion within 60 days of receiving the documents.  This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

<u>THE USAO'S OBLIGATIONS</u>

5.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

4

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Should the Court sentence defendant to a term of imprisonment, recommend that defendant not be required to self-surrender to serve her sentence until on or after February 1, 2021, unless defendant violates the conditions of her bond.

6.    Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's

General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

<div align="center">NATURE OF THE OFFENSE</div>

Defendant understands that for defendant to be guilty of the crime charged in count four, that is, Health Care Fraud, in violation of Title 18, United States Code, Section 1347, the following must be true: (1) defendant knowingly and willfully executed a scheme or plan to defraud a health care benefit program or obtain money or property owned by or under the custody or control of a health care benefit program by means of material false or fraudulent pretenses, representations, or promises; (2) defendant acted with the intent to defraud; (3) Medi-Cal was a health care benefit program; and (4) the scheme or plan was executed in connection with the delivery of or payment for health care benefits, items, or services. The term "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. "Willfully" means that the defendant committed the act voluntarily and purposefully, and with knowledge that the conduct was, in a general sense, unlawful.

<div align="center">PENALTIES AND RESTITUTION</div>

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1347, is: ten years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or

<div align="center">6</div>

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $260,101, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

7

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to mandatory exclusion from providing services paid for under a federal health care benefit program for a minimum of five years, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.  Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

<div align="center">FACTUAL BASIS</div>

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

In or about 2005, defendant, a registered alcohol and drug technician, opened The New You Center ("TNYC") and, at all relevant times, served as its Executive Director. TNYC purported to provide substance abuse treatment services to clients covered by Medi-Cal, a publicly funded health care benefit program, affecting commerce, that provided coverage for medically necessary services to income-eligible individuals in California. Among other responsibilities, defendant

1    handled the Medi-Cal billing for TNYC and was responsible for

2    ensuring that TNYC submitted true and accurate claims for

3    reimbursement.  Defendant also controlled the bank account into which

4    all of the Medi-Cal reimbursements were deposited.

5         Between in or about January 2009 and in or about December 2015,

6    defendant knowingly and willfully participated in a scheme to defraud

7    Medi-Cal in which (1) TNYC billed Medi-Cal's Drug Medi-Cal program

8    for services to clients who did not medically need alcohol or drug

9    treatment; (2) TNYC billed Drug Medi-Cal for group and individual

10   counseling sessions that were not provided or did not meet the

11   requirements for reimbursement; and (3) TNYC counselors falsified

12   documentation to support the false claims.

13        In particular, defendant knew that her co-defendant (and mother-

14   in-law), Erlinda Abella, directed TNYC counselors to do the following

15   and/or knew that TNYC counselors did the following:

16            a.   enroll clients in the TNYC substance abuse treatment

17   program even if the clients had used drugs or alcohol only

18   occasionally or even just once;

19            b.   purportedly conduct group counseling sessions with

20   more than the maximum number of clients permitted by Drug Medi-Cal

21   regulations or for shorter periods of time than permitted by those

22   regulations;

23            c.   purportedly conduct day care habilitative ("DCH")

24   group and individual counseling sessions at unauthorized sites (i.e.,

25   Dimondale group homes) rather than at TNYC;

26            d.   collect client signatures on sign-in sheets for group

27   and individual counseling sessions that the clients did not in fact

28   attend or that were not in fact conducted;

e.    forge clients' signatures on sign-in sheets and other documents related to TNYC's substance abuse treatment program;

f.    prepare progress notes that falsely showed that clients had attended 90-minute or three-hour (DCH) group counseling sessions up to four days per week or 50-minute or longer individual counseling sessions; and

g.    maintain false progress notes in the clients' files as documentation purportedly supporting TNYC's fraudulent billing.

In addition, defendant knowingly created and submitted falsified Drug Medi-Cal billing data for clients, including clients who were hospitalized at the time they purportedly received services at or from TNYC.

Defendant committed all of the above-described acts knowingly and willfully, and with the intent to defraud.

In furtherance of the scheme, defendant knowingly and willfully caused false and fraudulent claims, which she knew to be material to payment by Medi-Cal, to be submitted to the Drug Medi-Cal program by TNYC, including, in particular, the following claim:

In or about September 2013, TNYC submitted a false and fraudulent claim for Medi-Cal reimbursement (Drug Medi-Cal claim #A725147725), in the amount of $62.15 for a three-hour DCH counseling session for Dimondale group home client M.J. on August 17, 2013, a day when M.J. was hospitalized and did not receive any counseling services from TNYC.

In furtherance of the above-described scheme, between in or about January 2009 and in or about December 2015, TNYC submitted to the Drug Medi-Cal program claims totaling approximately $2,083,778 for counseling services purportedly provided by TNYC counselors, and

11

1  Medi-Cal paid approximately $1,851,439 on those claims.  The parties

2  estimate that approximately $527,313 of the billed amount and

3  approximately $260,101 of the paid amount are attributable to fraud

4  based, in part, on the days of the week on which the billed services

5  were purportedly performed, the types of services purportedly

6  performed, and the clients who purportedly received services (i.e.,

7  clients from the Dimondale group homes).

8  <center>SENTENCING FACTORS</center>

9      14.  Defendant understands that in determining defendant's

10  sentence the Court is required to calculate the applicable Sentencing

11  Guidelines range and to consider that range, possible departures

12  under the Sentencing Guidelines, and the other sentencing factors set

13  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

14  Sentencing Guidelines are advisory only, that defendant cannot have

15  any expectation of receiving a sentence within the calculated

16  Sentencing Guidelines range, and that after considering the

17  Sentencing Guidelines and the other § 3553(a) factors, the Court will

18  be free to exercise its discretion to impose any sentence it finds

19  appropriate up to the maximum set by statute for the crime of

20  conviction.

21      15.  Defendant and the USAO agree to the following applicable

22  Sentencing Guidelines factors:

23      Base Offense Level:            6        [U.S.S.G. § 2B1.1(a)(2)]

24      Loss of More than $250,000
        But Not More than $550,000     +12    [U.S.S.G. § 2B1.1(b)(1)(G)]
25
        Abuse of a Position of Trust/
26      Use of Special Skill:          +2               [U.S.S.G. § 3B1.3]

27

28

<center>12</center>

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  In particular, the USAO reserves its right to argue that up to a four-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1 applies, and defendant reserves the right to object to any role enhancement.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.    The right to persist in a plea of not guilty.

    b.    The right to a speedy and public trial by jury.

    c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.    The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum;

1  (e) the amount and terms of any restitution order, provided it

2  requires payment of no more than $260,101; (f) the term of probation

3  or supervised release imposed by the Court, provided it is within the

4  statutory maximum; and (g) any of the following conditions of

5  probation or supervised release imposed by the Court: the conditions

6  set forth in General Order 20-04 of this Court; the drug testing

7  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

8  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

9      21.  Defendant also gives up any right to bring a post-

10  conviction collateral attack on the conviction or sentence, including

11  any order of restitution, except a post-conviction collateral attack

12  based on a claim of ineffective assistance of counsel or an

13  explicitly retroactive change in the applicable Sentencing

14  Guidelines, sentencing statutes, or statutes of conviction.

15  Defendant understands that this waiver includes, but is not limited

16  to, arguments that the statute to which defendant is pleading guilty

17  is unconstitutional, that newly discovered evidence purportedly

18  supports defendant's innocence, and any and all claims that the

19  statement of facts provided herein is insufficient to support

20  defendant's plea of guilty.

21      22.  The USAO agrees that, provided all portions of the sentence

22  are at or below the statutory maximum specified above, the USAO gives

23  up its right to appeal any portion of the sentence, with the

24  exception that the USAO reserves the right to appeal the amount of

25  restitution ordered if that amount is less than $260,101.

26      <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27      23.  Defendant agrees that if, after entering a guilty plea

28  pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and

defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

19

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*[signature]*                                   10/13/20
CATHY J. OSTILLER                               Date
Assistant United States Attorney

*[signature]*                                   10-13-20
MESBEL MOHAMOUD                                 Date
Defendant

*[signature]*                                   10-13-20
ALISON TRIESSL                                  Date
Attorney for Defendant
MESBEL MOHAMOUD

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

representations of any kind have been made to me other than those
contained in this agreement.   No one has threatened or forced me in
any way to enter into this agreement.   I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          10-13-20
MESBEL MOHAMOUD                           Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am MESBEL MOHAMOUD's attorney.   I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of her rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
///
///
///
///
///
///

21

agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          10-13-20
ALISON TRIESSL                            Date
Attorney for Defendant
MESBEL MOHAMOUD